193 So. 325

### TURNER v. STATE.
### 2 Div. 664.

Court of Appeals of Alabama.

Jan. 16, 1940.

Pitts & Pitts, of Selma, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted under Section 51 of the Act of the Legislature, adopted Feb. 2, 1937, notwithstanding the Governor's veto (Gen.Acts Extra Session 1936-37, pp. 40, 83).

The pertinent part of said Act being as follows: "In all Counties of the State it shall be unlawful for any person, firm or corporation to have in his or its possession * * * any kind, or any alcoholic beverage of any kind illegally manufactured, or transported, within the State, or imported into the State from any other place without authority of the Alcoholic Control Board of the State, and any person * * * violating this provision * * * upon conviction, shall be punished as now provided by law."

The indictment in this case follows the wording of the Statute and is sufficient to charge the defendant with the offense as therein denounced.

It is contended by appellant that the jury had no authority to assess a fine on the defendant, as no penalty for a violation of Section 51, supra, had been provided by law. This contention is answered by Section 5277 of the Code of 1923, which provides: "Any person who commits a public offense, which is a misdemeanor at common law or by statute, and the punishment of which is not particularly specified in this Code, must, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county, for not more than six months."

We have read this record and in it we find no error prejudicial to the defendant's rights.

The judgment is affirmed.

Affirmed.